**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:03CR84 MAC/DDB |
| | § | |
| GARY DON FRANKS (21) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 4, 2016 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Ernest Gonzalez.

On July 16, 2004, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 101 months imprisonment (on each Count) of Counts 22 (Possession with Intent to Distribute or Dispense Methamphetamine) and Count 26 (Convicted Felon in Possession of a Firearm). The sentences were ordered to run concurrently followed by concurrent five-year terms of supervised release. Defendant began his term of supervision on July 19, 2013. This case was transferred to the Honorable Marcia A. Crone on October 15, 2015.

On November 12, 2015, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 979). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall not possess a firearm, destructive device, or any other dangerous weapon; (4) Defendant shall not frequent places where controlled substances are illegally sold, used,

1

distributed, or administered; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (6) Defendant shall refrain from any unlawful use of a controlled substance; and (7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substance, except as prescribed by a physician.

The Petition alleges that Defendant committed the following violations:

(1) on May 22, 2014, Defendant was arrested by the Denton County, Texas Sheriff's Office for the offenses of Unlawfully Carrying a Firearm by a Felon, and Manufacture and Delivery of a Controlled Substance: Methamphetamine PG 1>4G<200G in Denton County, Texas;

(2) on November 12, 2015, the Denton County Sheriff's Office Drug Enforcement Unit (DCSO) was called to assist the DCSO Criminal Investigators Unit in executing a search warrant for stolen property. While executing the warrant, Defendant and a co-defendant arrived at the residence that was being searched. Officers were notified that Defendant was named in the search warrant as a person who the stolen guns were traded to in exchange for methamphetamine;

(3) Defendant provided voluntary consent for investigators to travel to his residence. While at the residence, the offender opened a roll top desk and investigators observed a white powdery substance, several syringes with the needle attached and small baggies; a female at the scene admitted she was in possession of methamphetamine she received from Defendant at a motel in Denton, Texas. She advised investigators she saw methamphetamine approximately the size of a racket ball inside a computer style bag Defendant had possession of. A 1100 Remington shotgun

in a brown gun case was located under Defendant's bed. It was reported stolen in a burglary of a residence in Cooke County earlier that month. Two syringes were also located in the bedroom. Small amounts of a crystal substance were located and field tested positive for methamphetamine. Also located were lab components including several glass beakers, tubing, and two filtered masks. 12 gauge shotgun shells and 9mm Luger ammunition were located in Defendant's residence as well. A search of Defendant's vehicle produced a black computer bag containing 16 grams of methamphetamine, a semi-automatic Beretta, a large amount of small ziplock baggies, jewelry, and several silver dollars. Bond was set at $250,000 and $500,000. The State of Texas Parole Board has issued a warrant as well. On September 10, 2014, Defendant was indicted by the Grand Jury for the Eastern District of Texas in Case No. 4:14cr155 for this offense conduct. Count One is Possession with Intent to Distribute or Dispense Methamphetamine in violation of Title 21 U.S.C. § 841(a)(1), and Count Two is Possession of a Firearm by a Felon in violation of Title 18 U.S.C. § 922(g)(1); and

(4) on April 15, 2014, Defendant submitted a urine specimen that tested positive for methamphetamine. He signed a written admission to using marijuana on April 9, and methamphetamine on April 10 and 11, 2014.

At the hearing, Defendant entered a plea of true to allegation one only. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the May 4, 2016 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four months (24) months, to be served consecutively to the sentence in 4:14cr155, with no supervised release to follow.

**SIGNED this 19th day of May, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE